GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

**PATROLMAN LEON LENHARDT** and
Patrolman Spears, Defendants

Crim. Case No. 1221-1969

GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

**CASWELL CALLENDAR,** Defendant

Traffic Case No. 4674-1969

Municipal Court of the Virgin Islands
Dist. of St. Thomas and St. John

November 14, 1969

HOFFMAN, *Municipal Judge*

SENTENCE

Before calling on the Defendants, individually, prior to sentencing, the Court informs them and their counsel that

the Presentence Reports submitted by the Probation Officer concerning them reflects the following:

*As to defendant LEON LENHARDT*: He has no criminal record, but his departmental record reveals one commendation and three actions of a disciplinary nature;

*As to defendant JAMES SPEARS*: He has no criminal record and no departmental disciplinary actions or commendations;

*As to defendant CASWELL CALLENDAR*: A conviction in 1961 for aggravated assault and battery.

### JUDGMENT

I now have the sorry task to sentence two officers of the Virgin Islands Department of Public Safety found guilty, after a lengthy trial, of oppression in the making of an arrest for a traffic violation. I must also sentence the citizen traffic violator who pleaded guilty to going the wrong way in a one-way street.

██ Oppression can be defined as the exercise of authority or power in a burdensome, cruel or unjust manner. It is this that the Court found both officers guilty of; that is, the use of force and violence disproportionate to the exigencies of the incident. It has been said that a jury in a case such as this ought not to weigh the conduct of the officer in gold scales; that the presumption is, he acted in good faith. This, the Court did do in this case but was compelled from the facts adduced at the trial to find that the officers' conduct was unnecessarily harsh and uncalled for. This was a simple traffic incident. Even if the Citizen traffic violator was impudent to Officer Lenhardt, it would seem to the Court that delivery of the ticket he was already in the process of issuing would have been sufficient. The subsequent use of billy and revolver on the traffic violator is, in the Court's opinion, not warranted. Further, the drawing of their revolvers by both

officers was likewise uncalled for. In addition, the testimony that numerous—twenty I believe the record indicated—officers arrived on the scene to subdue and arrest one lone traffic violator is, to the Court, inexplicable; particularly, when later one Lieutenant was able to bring this about without great fuss. Also, inexplicable, is why none of those officers were present to testify unless their testimony would add nothing to the Court's understanding of the incident; which the Court is hard pressed to believe.

The conduct of the defendant, James Spears, can only be condoned or understood when we bear in mind the fact that he was new to the force starting his service on June 24, 1969. But defendant Officer Lenhardt has been on the force since May 18, 1964.

Both officers entered the police service after honorable service and discharge from the Armed Forces; Defendant Officer Spears with six years in the U.S. Army Reserve and Defendant Officer Lenhardt with two years in the U.S. Army, leaving it with an award of the Good Conduct Medal.

The probation officer's report reveals that Officer Spears had no departmental disciplinary actions nor any commendations during his short tenure in office. Officer Lenhardt, on the contrary; although his overall rating up to July 4, 1969 was considered satisfactory by his superiors, was before the Police Commission on May 3, 1966 for (1) Conduct Unbecoming a Police Officer; (2) Gross Disrespect of Superior Officer; (3) Drawing and Exhibiting a deadly weapon (his service revolver). He was found guilty of this third charge only and suspended five days. In 1969—January 9th, he was commended for his efforts in the rescue of the mother of Mrs. McIntyre Bridges and subsequently on May 8, 1969 was awarded the Departmental Medal of Honor. On April 18, 1969 he was given an oral warning by Police Captain Raymond Chesterfield

for his discourteous conduct to one Mr. Don Smith. Finally, on April 22, 1969 he was reprimanded by then Commissioner Otis Felix for abusive conduct toward Bernard Lichtenstein, a citizen, which allegedly occurred during the time that he had stopped him for a traffic violation.

The Court is mindful and sympathetic of the difficulties encountered by officers in the discharge of their duties. However, this incident highlights clearly the need for the Department of Public Safety to more carefully scrutinize the behaviour of their officers, where needed, so that the required education and training is afforded them so that the Department's image with the Public is improved and its officers receive intensive education in how to conduct themselves when dealing with the Public, as well as in the use of guns or other defensive weapons where an arrest is necessary.

Certainly, there should be some demarcation point between serious criminal violations and minor traffic violations. If this were not so, we would not permit officers to issue traffic tickets, as is done in the Virgin Islands since incorporation into our law of the Uniform Traffic ticket procedure.

Finally, in reference to Officer Lenhardt, the Court cannot but feel that despite the silence of the presentence report and the testimony, that the real reason for this traffic incident burgeoning into the sorrowful end it did, has not been divulged and that the true relationship that may have existed between Lenhardt and Citizen Callendar not revealed.

Conviction of the two officers, carries I am sure, great stigma on their conduct and record. Further harsh punishment beyond the Departmental action that these two officers must still face is not needed, in the Court's opinion, to deter a repetition by these officers of their unseemly conduct in this affair.

Accordingly, the sentence of the Court as to Defendant Lenhardt is that he shall be fined One Hundred Dollars ($100.00).

The sentence of the Court, as to Defendant Spear, is that he shall be fined Fifty Dollars ($50.00).

The Court now considers the guilty plea of Defendant Callendar. Although the Court can understand that the Defendant might have been confused as to whether the street was one or two way because of the frequent changes made by the Department of Public Safety; it, nonetheless, deplores and specifically frowns upon the conduct of the defendant and his wife in the use of sarcastic and unflattering comments at the time of the incident in the hearing of Officer Lenhardt. The Court hopes that the defendant and others who may find themselves similarly situated reserve voicing their displeasure concerning an officer's conduct until they can report it to that officer's superiors for necessary disciplinary action, if warranted.

Under the circumstances, and in view of the physical abuse suffered by defendant Callendar, he is fined Ten Dollars ($10.00) and payment of the fine is suspended.

A copy of this judgment shall be transmitted to the Commissioner of Public Safety with the suggestion that he obtain a copy of the transcript of the record in this case in order for him to determine what Departmental action he deems required, as reflected by the record.

The payment of the fines ordered above is stayed, pending filing of appeal, if any.